20-2799
*Kabwe v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of August, two thousand twenty-three.

PRESENT:    Steven J. Menashi,
            Myrna Pérez,
            Alison J. Nathan,
                    *Circuit Judges.*
_____

NATHAN BANZA KABWE,

    *Petitioner,*

    v.                                                No. 20-2799

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,

    *Respondent.*
_____

*For Petitioner*:                    Robert F. Graziano, Tonawanda, N.Y.

*For Respondent*: Brian M. Boynton, Acting Assistant Attorney General; Liza S. Murcia, Senior Litigation Counsel; Jennifer A. Bowen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is GRANTED.

Petitioner Nathan Banza Kabwe, a citizen of the Democratic Republic of the Congo ("DRC"), seeks review of a July 27, 2020 decision of the BIA affirming a June 6, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nathan Banza Kabwe*, No. A206 718 102 (B.I.A. July 27, 2020), *aff'g* No. A206 718 102 (Immigr. Ct. N.Y.C. June 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005)**.** The applicable standards of review are well established. "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Accordingly, we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted).

Absent past persecution, an asylum applicant may establish eligibility by demonstrating a well-founded fear of future persecution on account of a protected ground. *See* 8 C.F.R. § 1208.13(b)(2); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d

Cir. 2006). An applicant must establish both a subjectively credible fear of persecution and that the fear is objectively reasonable. *Kyaw Zwar Tun*, 445 F.3d at 564. An applicant may meet this burden by demonstrating that he "would be singled out individually for persecution" or that "there is a pattern or practice" of persecuting "persons similarly situated." 8 C.F.R. § 1208.13(b)(2)(iii); *Kyaw Zwar Tun*, 445 F.3d at 564.

Kabwe appeared *pro se* at his hearing before the IJ. He was found credible and alleged that he was a member of the Bundu Día Kongo ("BDK") organization and that members of the BDK are targeted by DRC authorities for arrest, torture, and killing. Kabwe does not challenge the agency's finding that he failed to establish past persecution. Instead, he argues that the agency erred in failing to consider his claim that there is a pattern or practice of persecution of members of the BDK by DRC authorities. We agree.

Kabwe explained at his hearing that the "authorities of the DRC . . . are looking for the [BDK] members to arrest them, and to torture them, and to kill some of them, or jail some of them." Cert. Admin. R. 176. He said that the DRC had arrested the BDK's spiritual leader, that the leader escaped, and that the authorities were hunting for the leader and his followers. *Id.* He also submitted corroborating evidence of those alleged facts: a news report detailing a government raid at the BDK leader's home as well as government killings at BDK protests. *Id.* at 243-45. That testimony and evidence together were sufficient to raise a pattern or practice claim. Because Kabwe was *pro se*, the IJ was required to construe his testimony regarding the treatment of the BDK by DRC authorities as at least implicitly raising such a claim. *See Adams v. Holder*, 692 F.3d 91, 96 n.2 (2d Cir. 2012) ("Even if [the petitioner] did not raise this argument explicitly, he implicitly made the point."); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) ("generously construing . . . *pro se* submissions" to the agency). The agency erred insofar as it decided that Kabwe's testimony did not raise a pattern or practice claim before the IJ and that he was barred from raising a pattern or practice claim on appeal.

Because the agency did not consider a pattern or practice claim that the petitioner raised, the "ordinary remand rule" requires us to remand for the agency to consider the claim in the first instance. *Mufied v. Mukasey*, 508 F.3d 88, 91-92 (2d Cir. 2007) (quoting *Gonzales v. Thomas*, 547 U.S. 183, 187 (2006)) (applying the ordinary remand rule to a pattern or practice claim that the IJ and the BIA did not address); *accord Gonzales*, 547 U.S. at 186 (noting that the ordinary remand rule applies when a disputed issue "requires determining the facts and deciding whether the facts as found fall within a statutory term"). A pattern or practice claim involves factual issues that must be addressed by the agency in the first instance. Here, the "[f]acts must be carefully sifted in context to ascertain whether there is a sufficient political element to the alleged persecution" as to make out a claim for asylum or whether the DRC's actions toward the BDK represent only the "enforcement of generally applicable law." *Jin Jin Long v. Holder*, 620 F.3d 162, 166-67 (2d Cir. 2010). And because the agency did not rely on alternative grounds for denying the asylum claim, we cannot say that remand would be futile. *See Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019); *Cao He Lin v. DOJ*, 428 F.3d 391, 400 (2d Cir. 2005) ("To assume a hypothetical basis for the IJ's determination, even one based in the record, would usurp her role.").

We remand as to all three forms of relief because the agency denied withholding of removal and CAT relief on the same factual predicate as Kabwe's asylum claim.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4